Filed 5/11/16  In re Marriage of George S. and N.K. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of GEORGE S. and N.K. | |
| GEORGE S.,<br><br>        Appellant,<br><br>v.<br><br>N.K.,<br><br>        Respondent. | A145113<br><br>(San Mateo County<br>Super. Ct. No. FAM0127687) |

Appellant George S. appeals from a Domestic Violence Prevention Act (DVPA; Family Code § 6200 et seq.)[1] restraining order issued by the trial court.  Appellant contends the court erred in making custody and visitation orders included in the restraining order.  We affirm.

BACKGROUND

Appellant and respondent are the parents of S.S., born in May 2009.  On January 6, 2015, appellant filed a petition for dissolution of marriage.  On January 12, respondent filed a request for a domestic violence restraining order pursuant to the DVPA.  She requested stay-away orders protecting her and S.S. from appellant and also requested child custody and visitation orders.  Respondent alleged appellant had punched her in the hand and in the head and given S.S. a burn mark by dragging him on the carpet.  She also

---

[1] All undesignated section references are to the Family Code.

alleged appellant mixed prescription medication, marijuana, and alcohol. The trial court granted a temporary restraining order (TRO) and set a hearing on the request for a restraining order for February 4.

On February 3, 2015, appellant filed a response to respondent's request for a restraining order. He denied respondent's allegations and requested joint legal and equal physical custody of S.S. On February 4, the hearing on the restraining order was continued to March 18, in order to provide respondent an opportunity to review appellant's response. The court also referred the parties to family court services mediation and authorized visitation between appellant and S.S. supervised by appellant's parents.

On March 2, 2015, respondent filed a supplemental restraining order request, seeking supervision of appellant's visitation by Rally Family Visitation Services (Rally). In a declaration, respondent explained that appellant's parents were no longer willing to supervise visitation; a letter from appellant's parents to that effect was attached as an exhibit to the declaration. The letter states, "[w]e are physically and emotionally not capable of handling this challenge." Respondent also averred that appellant had been texting her "constantly" and that the texts were "harassing, confusing, and intimidating." Respondent's attorneys, Christiana Samuels and Holly Gutkovsky, submitted declarations describing, among other things, an intimidating visit by appellant to their offices.

On March 5, 2015, a confidential family services report was prepared for consideration at the March 18 hearing. The report recommended that the parents and S.S. participate in a "Brief Focused Assessment" (BFA), which would result in a recommendation "as to how much contact time [S.S.] should be spending with each parent."

Appellant represented himself at the March 18, 2015 hearing on respondent's request for a restraining order. No witnesses testified at the hearing, although the parties were sworn in by the court. Appellant denied a number of the allegations made by respondent and presented various documents to the court, particularly texts between him

2

and respondent. He also noted family services had recommended an evaluation based on observation of the parties with S.S.

At the conclusion of the March 18, 2015 hearing, the trial court directed issuance of a three year protective order with supervised visitation through Rally. The court also denied "at this time" appellant's request for nightly phone calls with S.S. This appeal followed.

## DISCUSSION

"Pursuant to the [DVPA], a court may issue a protective order to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved. (§§ 6220, 6300.)" (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1264.) We review the trial court's issuance of a restraining order under the DVPA for an abuse of discretion. (*Ibid.*) We also review the court's custody and visitation orders for an abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) "The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child." (*Ibid.*)

Appellant contends the trial court failed to apply proper standards in making a custody and visitation determination in the DVPA proceeding. He points out that the court was required to consider S.S.'s best interest in making that determination, and "it is the public policy of this state to assure that children have frequent and continuing contact with both parents after the parents have separated or dissolved their marriage . . . and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy . . . ." (§ 3020, subd. (b); see also § 3021, subd. (e) [applicability to DVPA proceedings].) Appellant argues he was seeking joint custody in the marriage dissolution proceedings, and the court "arbitrarily deprived [appellant] from offering pertinent evidence bearing on S.S.'s" best interest. Appellant's claim fails because he points to nowhere in the record where the trial court refused to accept evidence he proffered regarding S.S.'s best interest.

Appellant also argues the trial court erred in making custody and visitation orders in the DVPA proceeding without waiting for the BFA evaluation recommended by the

3

family services report.  However, he fails to cite any authority for the proposition that a court is required, as a matter of law, to await the results of an evaluation before including custody and visitation orders in a DVPA restraining order.  Appellant does not dispute that the evidence before the court was sufficient to support issuance of the order.  The court reasonably could have concluded it had sufficient information before it to support awarding custody to respondent with supervised visitation for appellant.

Appellant appears to fail to appreciate that an order under the DVPA "is not a permanent custody determination."  (*Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1051.)  Custody and visitation orders issued in DVPA proceedings are "interim custody orders" and not a "final judicial determination regarding the best interest" of S.S.  (*Keith R.*, at p. 1053; see also *id.* at p. 1054 ["A domestic violence order is *not* the same as a final judicial custody determination."].)  " 'Child custody proceedings usually involve fluid factual circumstances, which often result in disputes that must be resolved before any final resolution can be reached.' " (*Id.* at p. 1054.)  The challenged DVPA order does not preclude appellant from presenting evidence in further custody proceedings, including the results of any evaluations.  The best interest standard applies to the final custody determination.  (*Keith R.*, at pp. 1051, 1054–1056.)

Issuance of the restraining order did establish "a rebuttable presumption against custody" to appellant under section 3044, subdivision (a).  (*Keith R.*, *supra*, 174 Cal.App.4th at p. 1054, fn. 4.)  That section provides: "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence against the other party seeking custody of the child or against the child or the child's siblings within the previous five years, there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Section 3011.  This presumption may only be rebutted by a preponderance of the evidence."  The presumption was applicable against appellant regardless of the propriety of the custody and visitation orders, because appellant does not dispute the sufficiency of the evidence he perpetrated domestic violence.

4

Appellant also contends the trial court failed to inform him of the section 3044 presumption before referring the parties to mediation.  Section 3044, subdivision (f) provides, "In any custody or restraining order proceeding in which a party has alleged that the other party has perpetrated domestic violence in accordance with the terms of this section, the court shall inform the parties of the existence of this section and shall give them a copy of this section prior to any custody mediation in the case."  (See also *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 823–826.)  In the present case, the trial court referred the parties to mediation on February 4, 2015, but neither the minute order nor the transcript reflect an advisement regarding section 3044.  Thus, it appears the court failed to comply with section 3044, subdivision (f).  Appellant does not contend the violation requires reversal of the restraining order.  Instead, he suggests he "would have been more zealous in defending himself if he had received a copy of the statute" and asserts in a conclusory fashion that the section 3044 presumption should not be applied against him in future proceedings.  Appellant cites no authority that is an appropriate remedy for violation of section 3044, subdivision (f).  Neither does he even attempt to show any likelihood the outcome would have been different had he received notice of the statute.  We decline to further address appellant's claim for relief based on the trial court's apparent error.  (*Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com.* (2006) 135 Cal.App.4th 793, 814 ["We need not address points in appellate briefs that are unsupported by adequate factual or legal analysis."].)

Finally, appellant contends respondent's counsel violated the "advocate-witness rule" in arguing in favor of issuance of the restraining order at the March 18, 2015 hearing, where she had submitted in favor of the order a declaration describing an intimidating visit to her office by appellant.  That rule "prohibits an attorney from acting both as an advocate and a witness in the same proceeding" because " ' "[t]he roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." ' " (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1208–1209.)  We need not decide in the present case whether respondent's counsel's conduct violated the rule, or whether an

5

exception to the rule applied (see *ibid.*), because appellant did not object below to respondent's counsel's arguing the matter at the March 18 hearing. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406 ["In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court."].)

## DISPOSITION

The trial court's order is affirmed. Costs on appeal are awarded to respondent.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

(A145113)

7